# UNITED STATES DISTRICT COURT
# IN THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREGORY YOPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| TENNESSEE CLINICAL SCHOOL, LLC ) | JURY DEMANDED |
| d/b/a HERMITAGE HALL and UHS OF ) | |
| DELAWARE, INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendants Tennessee Clinical Schools, LLC, d/b/a Hermitage Hall and UHS of Delaware, Inc. (hereinafter "Defendants"), by and through their undersigned counsel, hereby give notice that the civil action presently pending in the Circuit Court of Davidson County, Tennessee, identified as *Tennessee Clinical School, LLC d/b/a Hermitage Hall and UHS of Delaware, Inc.*, Case No. 12C3708, is removed to this Court without waiving any rights to which Defendants may be entitled.

As grounds for this Notice, Defendants show the following:

1. In accordance with 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and service of process which have to date been served upon Defendants are attached as **EXHIBIT A**.

2. The Complaint in the above action was filed in the Circuit Court of Davidson County, Tennessee on September 14, 2012, and Defendants received service of the Summons and Complaint on or after September 25, 2012.

3. The aforementioned date of service for Defendants constitutes the first date upon which they had actual notice of the pending action.

2050058.1

4. In accordance with 28 U.S.C. §1446(b), this Notice of Removal was timely filed within thirty (30) days of Defendants' receipt of service of the Complaint.

5. Removal of this action is proper under 28 U.S.C. §§ 1441(a) and (b) and 1332, diversity of citizenship jurisdiction, in that this is a civil action brought in a State court of which the district courts of the United States have original jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendants. As alleged in Paragraph 1 of Plaintiff's Complaint, Plaintiff is a resident of Davidson County, Tennessee.

6. Defendant Tennessee Clinical School, LLC d/b/a Hermitage Hall is not a citizen of the state of Tennessee. Rather, Tennessee Clinical Schools, LLC, d/b/a Hermitage Hall is a single member limited liability company, whose sole member is Universal Health Services, Inc. Universal Health Services, Inc., is incorporated in Delaware, with its principal place of business in King of Prussia, Pennsylvania. (Declaration of Mia Meloni, attached hereto as **EXHIBIT B**).

7. As alleged in Paragraph 3 of Plaintiff's Complaint, Defendant UHS of Delaware, Inc., is a foreign corporation authorized to do business in Tennessee with its principal place of business at 367 S. Gulph Rd., King of Prussia, PA 19406. As a result, Defendant UHS of Delaware, Inc., is not a citizen of the state of Tennessee.

8. Further, the amount in controversy of this matter exceeds the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional limit established in 28 U.S.C. § 1332, exclusive of interest and costs. In cases such as this, where the Plaintiff's Complaint does not identify a specific dollar amount in damages, Defendants must show, by a preponderance of the evidence, his claims meet the amount-in-controversy requirements. *See In re Cardizem CD Antitrust Litigation*, 90 F.Supp.2d 819, 823 (6th Cir. 1999), *citing Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Crosby v. America Online, Inc.*, 967 F.Supp. 257, 261 n. 2 (6th Cir. 1997). In such cases, "courts look to state law to determine the nature and amount of

recoverable damages." *Gavriles v. Verison Wireless*, 194 F.Supp.2d 674, 684 (6th Cir. 2002), citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 384, 352-53, 81 S.Ct. 1570 (1961). If the applicable "state law provides for attorneys' fees, the court should consider them in determining whether jurisdictional amount in controversy is met." *Id.*, citing *Clark v. National Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975).

9. In the Complaint, Plaintiff seeks damages for common law and statutory retaliatory discharge pursuant to Tennessee Code Annotated 50-1-304. Plaintiff identifies several categories of damages including: compensatory damages (i.e. back pay, front pay, emotional distress), punitive damages and attorney's fees. See **EXHIBIT A**, Complaint.

10. Defendants deny that Plaintiff is entitled to any recovery in this action, and by filing this Notice of Removal Defendants do not waive any defenses that may otherwise be available to them. Without waiving this position, and in light of the allegations of Plaintiff's Complaint, as well as the available remedies, the amount in controversy in this matter clearly exceeds $75,000.00 exclusive of interest and costs.

11. At the point Plaintiff's employment ended, he was earning $39,804.26 annually, exclusive of benefits. **SEE EXHIBIT B**. Plaintiff's employment ended on or about September 22, 2011. **SEE EXHIBIT A**. Anticipating a trial date approximately one-year from the date of this Removal, Plaintiff's back pay alone, i.e. twenty-two months, could amount to $72,974.26. When the value of Plaintiff's medical benefits are included, the amount easily surpasses the $75,000.00 threshold. Additionally, any award of front pay, emotional distress damages, punitive damages and/or attorney's fees would surpass the amount in controversy threshold. While Defendants dispute liability and deny Plaintiff is entitled to any relief whatsoever, and given the claims asserted in this case and the available remedies, if Plaintiff prevails at trial it is more

likely than not that his damages will exceed the jurisdictional minimum of $75,000.00 specified in 28 U.S.C. § 1332(a).

12. Venue is properly placed in the United States District Court for the Middle District of Tennessee, Nashville Division, because it is the district court for the district and division within which the state action is pending (the Circuit Court of Davidson County, Tennessee), in accordance with 28 U.S.C. §1446(a).

13. Undersigned counsel certifies, in accordance with 28 U.S.C. §1446(d), that concurrent with the filing and service of this Notice of Removal, Defendants' "Notice of Filing Notice of Removal" has been served upon counsel for Plaintiff, Nina Parsley, 1000 Jackson Road, Suite 225, Goodlettsville, Tennessee 37072.

14. Undersigned counsel further certifies, in accordance with 28 U.S.C. §1446(d), that concurrent with the filing and service of this Notice of Removal, a copy of same, along with Defendants' "Notice of Filing Notice of Removal" has been filed with the Clerk of the Circuit Court of Davidson County, Tennessee. (**EXHIBIT C**).

15. WHEREFORE, Defendants pray that said action now pending in the Circuit Court of Davidson County, Tennessee be removed to the United States District Court for the Middle District of Tennessee, Nashville Division.

Date: October 15, 2012

Respectfully submitted,

/s/ Mary Dohner Smith
Mary Dohner Smith, BPR No. 21451
Attorney for Defendant

**CONSTANGY, BROOKS & SMITH, LLP**
401 Commerce Street, Suite 700
Nashville, TN 37219
(615) 320-5200
(615) 321-5891 (facsimile)

2050058 1

4

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been furnished via the Court's electronic filing system and/or the United States Postal Service, first-class postage prepaid, to the following counsel of record: Nina Parsley, 1000 Jackson Road, Suite 25, Goodlettsville, Tennessee 37072 on this 15th day of October, 2012.

_____

2050058.1

5