Copy
190412

FILED
2012 SEP 14 AM 10: 05
RICHARD R. ROOKER, CLERK

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GREGORY YOPP, | ) |
| Plaintiff, | ) |
| v. | ) Docket No.: 12C3708 |
| | ) JURY DEMAND (12) |
| TENNESSEE CLINICAL SCHOOL, LLC d/b/a HERMITAGE HALL and UHS OF DELAWARE, INC., | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, by and through undersigned counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiff Gregory Yopp is a resident of the State of Tennessee, residing in Madison, Davidson County, Tennessee.

2. The Defendant Tennessee Clinical Schools d/b/a Hermitage Hall, (hereinafter "Defendant Hermitage Hall") is a domestic limited liability company authorized to be and doing business in Tennessee with its principal place of business being at 1220 8th Avenue, South, Nashville, Tennessee 37203. The Defendant Hermitage Hall can be served through their registered agent for service of process CT Corporation Systems located at Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929-9710.

3. The Defendant UHS of Delaware, Inc. (hereinafter "Defendant UHS") is a foreign corporation authorized to be and doing business in Tennessee with its principal place of business being at 367 S. Gulph Rd., King of Prussia, PA 19406. The Defendant UHS can be served through their registered agent for service of process CT Corporation Systems located at Suite 2021, 800 S. Gay Street, Knoxville, Tennessee 37929-9710.


EXHIBIT A

4.  This Court has jurisdiction in this matter as the events giving rise to this matter took place in Nashville, Davidson County Tennessee at Defendant Hermitage Hall's facility located at 1220 8th Avenue, South, Nashville, Tennessee 37203.

## FACTUAL BACKGROUND

5.  At all times relevant to this matter the Plaintiff was employed by the Defendants as a supervisor.

6.  On or about September 20, 2011, the Plaintiff witnessed an act of abuse perpetrated by one of the Defendant's supervisors upon a minor child in the custody of the Defendants.

7.  The Plaintiff immediately reported this illegal activity to his direct supervisor, Solomon Suricki.

8.  On or about September 22, 2011, it became apparent to the Plaintiff that the Defendants were not going to take the appropriate actions to protect the minor children in its custody; so the Plaintiff reported the abuse to the Tennessee Department of Children's Services and an investigation ensued.

9.  On or about October 12, 2011, the Plaintiff reported the abuse to the Metropolitan Nashville Police Department and an investigation ensued.

10.  On or about December 21, 2011, the Plaintiff was called in to a meeting with his supervisor Solomon Suricki and human resources director Donald McCloud wherein he was informed that his employment was being terminated for discussing pay with a coworker.

11.  On or about December 22, 2011, the Plaintiff was contacted by a member of the Defendant's corporate human resources department who told Plaintiff he had not



been terminated, but instead was being placed on a leave until the investigation into the incident on September 20, 2011 had been completed.

12. Plaintiff was threatened with bodily injury by at least one coworker at the Defendant's Hermitage Hall location after he reported the child abuse.

13. Numerous times in January 2012, the Plaintiff notified the Defendants, both at the local and corporate level, that he wanted to remain employed but also that he feared for his safety if he was returned to work at Defendant Hermitage Hall's facility located at 1220 8th Avenue South, Nashville, TN because he feared retaliation and harassment for reporting the illegal activity which took place on September 20, 2011.

14. On or about January 31, 2012, the Plaintiff was called to a meeting with the Defendants to discuss his returning to work. The Plaintiff advised the Defendants again that he was ready, willing and able to return to work at a different location or at the Hermitage Hall location so long as he was not required to answer directly to the same supervisors as he feared for his safety due to the retaliation and harassment he would be subjected to as a result of reporting the illegal activity.

15. The Defendants refused to allow the Plaintiff to return to work at a location that was free from retaliation and hostility. They completed and issued a Separation Notice which stated that he voluntarily resigned his employment. Plaintiff did not resign.

## COUNT I
## RETALIATION

16. Plaintiff Yopp restates and incorporates herein the allegations in paragraphs 1-15 above.

17. At all times pertinent to this action, Plaintiff was an "employee" within the meaning of common law and Tennessee Code Annotated § 50-1-304.

18. At all times pertinent to this action, each Defendant was an "employer" within the meaning of common law and Tennessee Code Annotated § 50-1-304 and Tennessee Code Annotated § 50-3-106(7).

19. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

20. Contrary to public policy and the common law of the State of Tennessee, an in violation of Tennessee Code Annotated § 50-1-304, the Defendants terminated Plaintiff's employment in retaliation for his exercise of rights in reporting child abuse consistent with Tennessee Code Annotated §§ 37-5-512, 37-1-403, and 37-1-102 et. al.

21. Plaintiff submits that he was disciplined and terminated in retaliation for engaging in protected activities. Plaintiff asserts that the Defendants retaliated against him in violation of Tennessee Code Annotated § 50-1-304 and common law.

22. Beginning on September 20, 2011 and continuing through January 31, 2012, the Plaintiff was subjected to retaliation in the workplace for reporting child abuse and refusing to remain silent about child abuse at the Defendants' facility.

23. Plaintiff was originally terminated on or about December 21, 2011.

24. Plaintiff then received a call the next day advising that the Defendants were investigating the child abuse he reported and he was no longer terminated, but was being placed on leave.

Copy

25. The Defendants then discussed placing the Plaintiff at another facility and advised they would find him a position elsewhere and he would not be returned to the Hermitage Hall location where the abuse and report occurred.

26. Plaintiff was later advised on or about January 31, 2012 that he needed to return to the Hermitage Hall location under his previous supervisor. When Plaintiff inquired about the physical threats made against him by the Defendants' employees at the Hermitage Hall location and having to report to the same supervisor, he was advised that the Defendants could not take any steps to guarantee his safety and no further disciplinary action was being taken against other employees at Hermitage Hall related to the September abuse.

27. Plaintiff asserts he was terminated on December 21, 2011 and/or on January 31, 2012. In the alternative, Plaintiff submits he was constructively discharged on or about January 31, 2012 when the Defendants' illegal employment practices made working conditions so hostile that the plaintiff, and any reasonable person, could not tolerate the work environment and continue in the offered position.

28. At all pertinent times, the Defendants violated Tennessee Code Annotated § 50-1-304, as (1) the Plaintiff was an employee of the Defendant(s); (2) the Plaintiff reported and refused to participate in child abuse; (3) the Defendant employers terminated the Plaintiff's employment and (4) the Defendants terminated the Plaintiff's employment solely because of the Plaintiff's exercise of his protected rights and statutory requirement to report child abuse.

29. The Plaintiff further asserts a claim for common law retaliatory discharge and submits that (1) an employment at will relationship existed; (2) the employee,

Copy

Plaintiff, was discharged on or about December 21, 2011 and/or January 31, 2012; (3) the reason for the discharge was that the Plaintiff attempted to exercise a statutory or constitutional right and regulatory provisions governing practices in the workplace; and (4) a substantial factor in the Defendant employers' decision to terminate Plaintiff was the Plaintiff's exercise of protected rights or compliance with clear public policy.

30. Contrary to public policy and the common law of the State of Tennessee, as well as in violation of the Tennessee Public Protection Act, T.C.A. § 50-1-304, the Defendants terminated the Plaintiff's employment in retaliation for his exercise of rights.

31. The termination of the Plaintiff was in direct retaliation for his exercise of rights to oppose and object to illegal activity and enforce his rights. The wrongful, retaliatory termination of the Plaintiff was intended to and had the effect of stifling the Plaintiff and possibly other employees from exercising protected rights.

32. The Plaintiff avers that the supervisors and management were the purveyors of the aforementioned acts of inappropriate conduct and retaliation.

33. The Plaintiff asserts that there is a causal connection between the Defendant's retaliatory termination and the Plaintiff's engagement in protected activity in violation of Tennessee Code Annotated § 50-1-304, Tennessee Code Annotated §§ 37-5-512, 37-1-403, and 37-1-102 et. al., and common law.

34. At all relevant dates and times as forth herein, the Defendants are vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendants did not exercise reasonable care to promptly correct and prevent the retaliatory and discriminating behavior; (b) the Defendants did not properly supervise and train the Plaintiff's supervisors regarding

appropriate behavior towards employees who report and/or refuse to participate in illegal and/or inappropriate activities; (c) the Defendants did not properly train the Plaintiff's supervisors regarding the Defendants' policies towards a workplace free of retaliation and discrimination; and (d) the Defendants did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report illegal and/or inappropriate behavior and retaliation occurring within the Defendants' workplace.

35. The Plaintiff's managers and supervisors retaliated and discriminated against Plaintiff as a result of his engaging in protected activities, even though he was performing all his job duties and following state procedures and requirements. The management teams' actions show that the Defendants had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of reports of illegal and/or inappropriate behavior.

36. As a result, Plaintiff has been damaged and is entitled to recover damages.

## COUNT II
## NEGLIGENT HIRING, RETENTION AND SUPERVISION PRACTICES

37. Allegations 1-15 are hereby incorporated herewith. In the alternative, the Plaintiff asserts that the Defendants are guilty of negligent hiring and retention practices

38. At all relevant date and times as forth herein, the Defendants were vicariously liable for the actions and inappropriate conduct of the Defendants' employees, agents, and representatives because: (a) the Defendants did not exercise reasonable care to promptly correct and prevent the retaliatory behavior; (b) the Defendants' employee's agents and representatives failed to respond properly to reports of injuries at work; (c) the Defendants failed to promulgate an anti-harassment or

retaliation policy with a complaint procedure in place enforced by management; (d) the Defendants did not properly train the Plaintiff's supervisors regarding the Defendants' policies towards a workplace free of harassment and retaliation; (e) the Defendants did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report retaliation and harassment occurring within the Defendants' workplace; (f) the Defendants permitted a workplace permeated with retaliation which has created a hostile environment; and (g) the Defendants had a duty to properly supervise its employees and agents.

39. At the Defendants' Hermitage Hall location, there was a breach of the Defendants' duty to train, monitor and supervise its employees and agents. Among other employees, the persons who the Defendants hired for Plaintiff's supervisor position participated in and condoned discriminatory and retaliatory practices. The Defendants negligently hired and appointed supervisors and managers who created a hostile environment in the Plaintiff's place of employment.

40. The Defendants further failed to supervise their management and non-management staff and employees to prevent, discover or correct retaliatory or discriminatory practices that were taking place.

41. The Plaintiff sustained injury as a result of the Defendants' negligent hiring and retention practices while employed by Defendants.

42. There is a proximate causal relationship between the Defendants' failure properly hire, train and supervise its employees and the injury sustained by the Plaintiff.

**APPLICABLE TO BOTH COUNTS**

As a result, Plaintiff has been damaged and is entitled to recover damages.

43. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against, retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, consequential damages, punitive damages, attorneys fees, costs, interest, other nonpecuniary losses and any other legal or equitable relief.

44. Plaintiff has retained Michael Ponce & Associates to represent him in this action and has agreed to pay the firm a reasonable attorney's fee for its services.

45. Plaintiff further submits that the Defendants have acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to an award of punitive damages.

**WHEREFORE PLAINTIFF PRAYS:**

    a) That service of process be issued to the Defendants as set forth herein;

    b) That a jury of twelve (12) be empanels to try this action;

    c) The Plaintiff be awarded compensatory damages in an amount to be determined by a jury;

    d) The Plaintiff be awarded punitive damages in an amount to be determined by a jury;

    e) that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

    f) That the costs of this action be taxed against the Defendants for which execution may issue; and

g)  For general relief.

Respectfully submitted,

MICHAEL D. PONCE & ASSOCIATES

*Nina H. Parsley*
Nina H. Parsley [BPR No. 23818]
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Attorney for Plaintiff
615-851-1776
615-859-7033 Facsimile
nina@poncelaw.com

Copy

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of  SEP 25 2012 , 20___ , I:

[✓] served this summons and complaint/petition on  Served Special Assistant Secretary of State, Service of Process to C.T. Corporation System, the Registered Agent for  _____ in the following manner:

Ericka Fry # 125575

_Tennessee Clinical Schools LLC_
Company

[ ] failed to serve this summons within 90 days after its issuance because _____

W C Bryant #B1864
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20___ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No.

_____ to the defendant, _____ . On the _____ day of _____ 20___ , I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____ , 20___ . Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____ DAY OF _____ , 20___ .

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

### NOTICE
TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Copy

CIRCUIT COURT SUMMONS      NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

**FILED**

2012 SEP 14 AM 10: 06

GREGORY YOPP

CIVIL ACTION
DOCKET NO. 12C3708

_____ D.C.

Plaintiff

Vs.

TENNESSEE CLINICAL SCHOOL, LLC d/b/a HERMITAGE HALL and UHS OF DELAWARE, INC.

Serve: Tennessee Clinical Schools, LLC d/b/a Hermitage Hall
c/o CT Corporation System
Suite 2021
800 S. Gay Street
Knoxville, TN 37929-9710

Defendant

Method of Service:

☐ Davidson County Sheriff
☒ Out of County Sheriff-Knox $28.00
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

D1 w/C w/Int & Rq

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/14/12

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
|---|---|
| | 1000 Jackson Road, Ste. 225 |
| | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this 20 day of Sept, 2012

W C Bryant #B1864
SHERIFF

If you have a disability and require assistance, please contact 862-5204.



## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of SEP 25 2012 _____, 20_____, I:

[✓] served this summons and complaint/petition on Ericka Fry _____ in the following manner:

UHS of Delaware Inc.

[ ] failed to serve this summons within 90 days after its issuance because _____

WC Bryant #B1864
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket _____ to the defendant, _____. On the _____ day of _____, 20____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____ DAY OF _____, 20____.

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

### NOTICE
TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

Copy

CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE

STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

FILED
2012 SEP 14 AM 10:10

GREGORY YOPP

CIVIL ACTION
DOCKET NO. 12C3708

Plaintiff

Vs.

TENNESSEE CLINICAL SCHOOL, LLC d/b/a HERMITAGE HALL and UHS OF DELAWARE, INC.

Serve: UHS of Delaware, Inc.
c/o CT Corporation System
Suite 2021
800 S. Gay Street
Knoxville, TN 37929-9710

Defendant

**Method of Service:**

☐ Davidson County Sheriff
☒ Out of County Sheriff-Knox $28.00
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

D2 w/ C

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 9/14/12

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
|---|---|
| | 1000 Jackson Road, Ste. 225 |
| | Address |
| | Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this 20 day of Sept, 2012.

W C Bryant / #B1864
SHERIFF


If you have a disability and require assistance, please contact 862-5204.